1
2
3
4
5
6
7
8
9
10
11
12                    **UNITED STATES DISTRICT COURT**
13                          **DISTRICT OF NEVADA**
14
15  PRO NITRO, LLC,                      )    3:06-cv-00119-HDM-VPC
                                         )
16              Plaintiff,               )
                                         )    ORDER
17  vs.                                  )
                                         )
18  PRO RACING FUELS, LLC, et al.,       )
                                         )
19              Defendants.              )
    _____)
20
21        On January 14, 2010, defendant Ward "Bummer" MacMonagle
22  ("defendant") filed a claim of exemption pursuant to Nev. Rev.
23  Stat. § 21.090(1)(d).  The claim related to property seized from
24  the residence of James and Linda MacMonagle, defendant's parents,
25  on January 5, 2010 (#196).  Defendant's motion did not identify
26  what trade or business he engages in, or how the seized tools are
27  used in that trade or business, nor did it contain any evidence
28  proving that the seized tools in fact belonged to him.

1

On February 11, 2010, the court ordered defendant to supplement his motion to more fully set forth the basis for his assertion that the tools are exempt from seizure. Defendant filed his supplement on March 5, 2010, submitting with it eleven receipts showing he purchased certain of the seized items.[1]

On March 25, 2010, the court held a hearing on defendant's motion. Defendant claimed that many more of his receipts were contained in the tool boxes that were seized. As plaintiff was in control of the property, the court ordered plaintiff to provide copies of the receipts that it could locate. Plaintiff did so on April 27, 2010, submitting ten receipts showing that defendant purchased certain of the seized items.[2]

Also at the hearing, the court ordered defendant to provide plaintiff a number of documents to substantiate his claim, and to meet and confer with plaintiff's attorney on April 15, 2010, to determine if the matter could be resolved. Defendant did not comply with either of the court's orders. Rather, while he appeared at plaintiff's attorney's office on April 15, 2010, he did not remain for a meet and confer. Moreover, while he dropped off documents, they were not those ordered by the court; instead, they were documents indicating that he had filed a petition for bankruptcy two days earlier.

On April 28, 2010, the court ordered that, given defendant's

---

[1] Twelve receipts were submitted, but one of those was a duplicate of another.

[2] Plaintiff submitted a number of other receipts from the tool boxes, but the court finds that these receipts do not prove defendant's ownership of any seized items. In particular, many of the receipts are actually statements of account balance, which do not reflect purchase of any item. The other receipts reflect purchase by persons other than defendant.

2

filing of bankruptcy, this matter be stayed pending a lift of the automatic stay by the United States Bankruptcy Court.

On September 3, 2010, the bankruptcy court entered an order dismissing defendant's petition.  As a result, the court may now rule on defendant's motion for a claim of exemption.

Under Fed. R. Civ. P. 69(a)(1), "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Section 21.090(1)(d) of the Nevada Revised Statutes provides that "[p]rofessional libraries, office equipment, office supplies and the tools, instruments and materials used to carry on the trade of the judgment debtor for the support of himself and his family not to exceed $10,000 in value" are exempt from execution. The trade or profession must have actually contributed to the support of the debtor and his family to a reasonable and meaningful extent.  *In re Kolsch*, 58 B.R. 67, 70 (Bankr. D. Nev. 1986).

Defendant argues that the seized tools and other items are necessary for his trade of "mobile automotive and marine repair technician," which he has been engaged in for the past two years and which he does to support his wife and children.

The court finds these statements by defendant in his briefs and at the hearing on his motion sufficient to demonstrate that he occasionally engages in the business of a repair technician, which he does for the support of his family.  However, as the items at issue here were not in defendant's possession when seized, additional evidence is required to show that defendant in fact owns the property.

3

1    The court has been provided twenty-one receipts showing defendant purchased items that may or may not be among those seized by plaintiff on January 5, 2010.  Defendant is entitled to the return of the items identified in those receipts and seized by the plaintiff.[3]  However, defendant has failed to substantiate his claim that he owns any other item seized by the plaintiff or that he uses any of those specific items in his trade.  Therefore, he is not entitled to the return of such property.  Accordingly, to the extent the defendant's motion for claim of exemption (#196) seeks the return of items seized by plaintiff that are identified in the twenty-one receipts, the motion is hereby granted.  In all other respects, the motion (#196) is denied.

**IT IS SO ORDERED.**

DATED: This 20th day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[3] The total value of the property reflected in the receipts is less than $10,000.

4